UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YVELAN PIERRE,

Plaintiff,

v. Case No. 2:26-cv-2533-KCD-KRH

SGT. R. TABIL, et al.,

Defendants.
_______________________________/

**ORDER OF DISMISSAL**

Plaintiff Yvelan Pierre, a prisoner of the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.) After reviewing the complaint, the Court ordered Pierre to show cause why his case should not be dismissed as a sanction for not disclosing and describing his litigation history, as required on the complaint form. (Doc. 3.) Pierre did not respond to the order to show cause.

For the reasons below, Pierre's complaint will be dismissed without prejudice to filing a new civil action in which he provides the Court with his complete litigation history.

**I. Background**

On September 14, 2026, Pierre initiated this action under 42 U.S.C. § 1983. Section Eight of the Court's civil rights complaint form questioned Pierre about his previous lawsuits. Specifically, the form asked if he had filed "other

lawsuits in state or federal court relating to the conditions of your imprisonment." (*Id.* at 11.) Pierre indicated that he had filed other lawsuits. But when instructed to "describe each lawsuit by answering questions 1 through 7 below," Pierre only wrote "N/A" beside each question. He did not identify any prior cases, provide case names or docket numbers, identify the judges assigned to his cases, provide the approximate dates of the prior lawsuits, or indicate the approximate dates of disposition. Nor did he provide the results of the cases.

A review of Pacer.gov shows that Pierre filed case number 3:25-cv-1328-MMH-SJH in the Middle District of Florida complaining about conditions at Hardee Correctional Institution, and 4:15-cv-148-RH-GRJ in the Northern District of Florida complaining about excessive force at Taylor Correctional Institution. In addition, Pierre has filed four appeals in the Eleventh Circuit.

The Court ordered Pierre to show cause why he should not be subject to sanctions, including the dismissal of this case, due to his failure to identify and describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form. (Doc. 2.) Pierre did not respond to the order to show cause.[1]

---

[1] Pierre did file an amended complaint in which he acknowledges three prior district court cases. (Doc. 4.) He did not, however, explain the original omission of these cases, and to allow Pierre to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*,

## II. Discussion

Providing false information to the court is, in and of itself, a valid ground for dismissing a complaint. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (dismissal without prejudice for failing to disclose prior litigation "was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules"); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

In *Redmon*, the Eleventh Circuit affirmed the district court's dismissal of a complaint based on the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process. *Id.* at 225. The court explained that under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Id.* The Eleventh Circuit further explained that a district court may impose sanctions under Federal Rule 11(c) if a party knowingly files a pleading that contains false contentions, and although *pro se* pleadings are held to less stringent standards, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Id.* at 226. The court affirmed the district court's conclusion "that Plaintiff's explanation for his failure to disclose the [lawsuit]—that he misunderstood the

---

197 F. App'x 818 (11th Cir. 2006).

form—did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." *Id.*

Here, Pierre does not explain why he omitted the required information from his complaint form. Even if he could not remember the precise case numbers or details of his prior litigation—a questionable conclusion given that he was able to provide all the required information in his amended complaint—he would have known that he had filed other cases in federal court and he would have been able to provide some information about those matters.

Therefore, the Court finds that Pierre purposefully misled the Court regarding his litigation history. If misrepresentations on a complaint form are not met with consequences, the duty of candor required under Rule 11 would be meaningless. Rule 11(b)(4) commands that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Because Pierre is incarcerated and seeks to proceed *in forma pauperis*, he is almost certainly unable to pay a significant monetary sanction. Moreover, the actions described in his complaint occurred in March of 2026. Thus, a dismissal without prejudice will not preclude him from re-filing the case before the expiration of the statute of limitations. Accordingly, the Court finds that the appropriate sanction for Pierre's lack of candor is a dismissal without prejudice to him filing a new case that discloses all of his prior litigation.

## III. Conclusion

Pierre did not identify or describe his prior cases as required by the clear instructions on the civil rights complaint form, and he has not offered any explanation for his lack of candor. This constitutes an abuse of the judicial process. An appropriate sanction for such is the dismissal of the complaint without prejudice. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

Accordingly:

1. This case is **DISMISSED without prejudice** because of Pierre's failure to truthfully identify and describe his litigation history.
2. The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on November 4, 2026.

Kyle C. Dudek
United States District Judge